UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HOFER,<br><br>    Plaintiff,<br><br>v.<br><br>K EMLEY, et al.,<br><br>    Defendants. | Case No.18-cv-07580-JSC<br><br>**ORDER GRANTING EX PARTE APPLICATION TO ISSUE SUBPOENA**<br><br>Re: Dkt. No. 4 |

Plaintiff Brian Hofer filed this civil rights action alleging violation of his Fourth Amendment rights in connection with a traffic stop performed by Contra Costa County Deputy Sheriffs on November 25, 2018. Now pending before the Court is Plaintiff's ex parte administrative motion to for early discovery. (Dkt. No. 5.[1]) Specifically, Plaintiff seeks permission to issue a subpoena to third-party Ross Dress for Less to obtain surveillance footage of the store parking lot at or near where the traffic stop took place. Having considered Plaintiff's arguments and the relevant authority, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff alleges that he was subject to an unlawful stop, detention, search, and use of force on November 25, 2018 during a traffic stop by Contra Costa County Deputy Sheriffs. (Dkt. No.1 at ¶ 1.) The incident occurred in a parking lot of a strip mall near the Ross Dress for Less Store at 2455 San Pablo Dam Road, San Pablo, CA 94806. (Dkt. No. 4-1 at ¶ 3.) The Ross Store "had a

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  surveillance camera facing where the Incident took place." (*Id*. at ¶ 4.) Plaintiff asked the Ross
2  Store about obtaining the surveillance video and was advised that the it would not turn it over
3  without a subpoena. (*Id.* at ¶ 5.) Plaintiff was also advised that the Ross Store only retains
4  surveillance video for 90 days. (*Id*. at ¶ 6.)

## DISCUSSION

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). In fashioning Rule 26(d) discovery orders, the district court wields broad discretion. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Courts within the Ninth Circuit apply a "good cause" standard to determine whether to permit such early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also G.N. Iheaku & Co. v. Does 1-3*, No. C-14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) (collecting cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.*

Here, Plaintiff seeks the discovery to preserve evidence from a non-party of the incident underlying his claims. Plaintiff contends that given that the Ross Store only retains surveillance video for 90 days, he cannot wait until after the defendants appear and the parties have their Rule 26(f) conference to seek this discovery. Under these circumstances, Plaintiff has established good cause to issue a subpoena to the Ross Store to obtain a copy of the surveillance video from November 25, 2018.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion for early discovery. (Dkt. No. 5.) Plaintiff may serve a subpoena on the Ross Dress for Less Store at 2455 San Pablo Dam Road, San Pablo, CA 94806 seeking the parking lot surveillance video for the evening of November 25, 2018.

//

This Order disposes of Docket No. 4.

**IT IS SO ORDERED.**

Dated: January 4, 2019

                                                                              _____
                                                                              JACQUELINE SCOTT CORLEY
                                                                              United States Magistrate Judge